IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

JODIE TROMBLEY,         §
   *Plaintiff*,            §
                      §     C.A. NO. _____
v.                    §
                      §
SANDRA CARTWRIGHT AND   §     JURY TRIAL DEMANDED
COMPASS GROUP USA, INC. D/B/A  §
SSC SERVICES FOR EDUCTION   §
   *Defendants*.           §

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Jodie Trombley ("Plaintiff" or "Trombley") bringing the causes of action listed herein against Defendant Sandra Cartwright, Individually ("Cartwright") and Defendant Compass Group USA, Inc. d/b/a SSC Services For Education ("SSC," collectively referred to as "Defendants") and would respectfully show the court the following:

### I.    NATURE OF THE CASE

1.    This employment discrimination case is brought by Jodie Trombley, a former employee of SSC. Plaintiff brings a claim of discrimination and retaliation due to her race (Caucasian) and gender (Female) against SSC under Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act ("TCHRA"). Specifically, Plaintiff

brings a claim of sexual harassment against SSC based on her gender. Plaintiff brings a claim of assault against her former coworker, Cartwright under Texas law.

## II.    PARTIES & SERVICE

2.    Plaintiff Jodie Trombley is an individual residing in Hardin County, Texas.

3.    Defendant Sandra Cartwright is an individual believed to be residing at 1195 Highway 327 E, Apt. 111, Silsbee, Texas 77656. Defendant Cartwright may be served with citation by serving her at her residence, or wherever she may be found.

4.    Defendant Compass Group USA, Inc. d/b/a SSC Services For Education is a North Carolina for-profit corporation doing business in Hardin County, Texas that may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.    At all material times Minta Ned was an employee of SSC. Accordingly, all of the relevant conduct of Minta Ned (hereafter referred to as "Ned") was also the conduct of SSC, which is directly liable for such conduct.

6.    Additionally, and alternatively, Plaintiff invokes the doctrine of *respondeat superior*. At all relevant times, Sandra Cartwright was an employee of SSC in the course and scope of employment and agency and subject to SSC's control. Therefore, SSC is vicariously liable for the acts and omissions of Sandra Cartwright, including Cartright's assault of Plaintiff.

7.    Whenever in this Petition it is alleged that SSC did or failed to do any act or thing, it is meant that SSC personally engaged in such conduct, or that SSC's governing

body, directors, vice principals, officers, managers, agents, servants, employees and/or representatives did or failed to do such act or thing and that at the time such conduct occurred, it occurred with the authorization and/or ratification of SSC and/or was done in the normal and routine course and scope of employment or agency of SSC's governing body, directors, vice principals, officers, managers, agents, servants, employees and/or representatives.

### III.   JURISDICTION AND VENUE

8.     The Court has subject matter jurisdiction over this case because it arises under the laws of the United States and is brought to recover damages for deprivation of equal rights. 28 U.S.C. § 1331.

9.     The court has supplemental jurisdiction of this case because the claims against Cartwright arise under Texas law but are properly joined in this suit because they share a common nucleus of operative fact with the federal claims. 28 U.S.C. § 1367(a); Fed. R. Civ. Pro. § 20(a)(2).

10.     Within 300 days of the last discriminatory act complained of Plaintiff filed her initial complaint with the Equal Employment Opportunity Commission ("EEOC") via Charge of Discrimination No. 460-2023-02596.

11.     Therefore, Plaintiff has exhausted any applicable administrative remedies and on or about April 10, 2024, received the Dismissal and Notice of Right to Sue letter from EEOC. This lawsuit has been filed within 90 days of her receipt of the Dismissal and Notice of Right to Sue letter.

12.     Thus, all conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

13.     Venue is proper in this judicial district court 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e- 5(f)(3), because SSC conducts business in the district, and a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in the Eastern District of Texas, Beaumont Division.

## IV.    FACTS

14.     In approximately July of 2022, Trombley began working for SSC as a janitor.

15.     SSC had a contract with Edwards-Johnson Memorial Silsbee Middle School ("Silsbee M.S.") where Plaintiff was assigned to perform her janitorial duties.

16.     In about October 2022, Plaintiff reported to an administrator at Silsbee M.S. that one of her coworkers, Eric Monson (who was African American) arrived to work under the influence. Strangely, even though the coworker was the one in violation of SSC's company rules regarding working impaired, it was Plaintiff who was written up for simply reporting the incident.

17.     After Plaintiff complained about an African American coworker, she began experiencing retaliation. Following her complaint, she noticed a deterioration in how she was treated by her African American coworkers, including her manager.

18.     Plaintiff was subsequently issued a Counseling Report for allegedly violating the work rules. SSC claimed that Plaintiff made false statements against her African American supervisor, Minta Ned ("Ned").

19.     However, this reprimand was under pretext as several of Plaintiff's coworkers came forward to corroborate the truth of Plaintiff's statements and praised Plaintiff's character as an employee and a co-worker.

20.     In about December 2022 and January 2023, Plaintiff was subjected to sexual harassment by an African American co-worker, Sandra Cartwright. Specifically, on multiple occasion, Cartwright made comments of a sexual nature and verbal sexual advances towards Plaintiff, including but not limited to pressuring Plaintiff for a threesome.

21.     After enduring these incidents repeatedly, and finding the situation increasingly uncomfortable and intolerable, and Plaintiff reported Cartwright's behavior to Ned in about January of 2023. However, no action was taken to punish Cartwright's behavior.

22.     Plaintiff subsequently and repeatedly raised concerns with Ned about Cartwright, expressing discomfort and questioning why Cartwright continued to work there despite several formal complaints filed against her.

23.     After the constant reports from Plaintiff about Cartwright, Cartwright physically assaulted Plaintiff. Specifically, Cartwright became aggressive, grabbed Plaintiff hand, and attempted to snatch a trash bag out of Plaintiff's hand. Cartwright then shoved a trash can in Plaintiff's direction, causing harm to Plaintiff's person and requiring Plaintiff to leave work early out of fear of further and potentially more severe assault and bodily injury.

24.     Plaintiff reported the physical assault to Ned and provided a witness to the incident. However, no actions were taken to punish Cartwright's actions. In other words,

Ned ratified the assault, sexual harassment, and severe mistreatment Plaintiff faced at the hands of Cartwright.

25. Plaintiff also met with Ned to discuss the incident. During the conversation, Ned dismissed the complaint as a simple "he said, she said" situation, stating that Cartwright had denied everything without conducting any substantive investigation. Ned dismissed Plaintiff's complaints, despite the severity of the incident which is, again, ratification.

26. Moreover, when Plaintiff texted Ned to follow up on their meeting and informed her that Miller had not been contacted for a statement, Ned did not even respond to Plaintiff.

27. After reporting Cartwright's assault against her, Plaintiff began to experience retaliation from her supervisor, Ned. Specifically, shortly after her complaint about the sexual harassment and assault, Plaintiff was, amazingly, the individual written up for leaving work early, despite having previously explained the circumstances that led to her early departure (i.e., she was trying to avoid further assault of her person). Upon information and belief, Cartwright was never reprimanded for the assault or the sexual harassment of Plaintiff.

28. In about February 2023, after Plaintiff's repeated complaints were ignored by her direct supervisor, Ned, Plaintiff decided to submit her complaints to the Superintendent of Silsbee Independent School District (SISD) and Executive Director of Secondary Services of SISD. These complaints addressed the constant unfavorable

decisions made against her by her supervisor as well noting the violent and sexually charged behavior of an individual working at a school, a matter of public concern.

29.   On or about February 24, 2023, Plaintiff's employment was terminated. In a phone meeting between, Plaintiff, an HR representative, and Ned, they stated that the reason for Plaintiff's termination was her contacting the Superintendent of SISD and Executive Director of Secondary Services of SISD regarding an issue that had already been resolved.

30.   Despite Ms. Trombley' persistent complaints regarding the unfavorable work treatment, no corrective action was taken by SSC to rectify the situation or improve her working conditions.

31.   As a result, Trombley has retained the undersigned counsel to represent her in connection with her claims against Defendants.

## V.   DISCRMINATION UNDER FEDERAL AND STATE LAW

### I.   COUNT 1: RACIAL DISCRIMINATION CLAIMS UNDER TITLE VII AGAINST DEFENDANT SSC SERVICES FOR EDUCATION

32.   Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

33.   Plaintiff is a member of a protected class under Title VII of the Civil Rights Act. During her employment with SSC, Plaintiff asserts the following racial discrimination claims under Title VII of the Civil Rights Act of 1964:

A.    CLAIM 1: DISPARATE TREATMENT

34.    Plaintiff was treated less favorably compared to African American colleagues.

35.    Specifically, despite Plaintiff's constant complaints to her African American supervisor, Minta Ned, and about an African American coworker, Sandra Cartwright, Cartwright received more favorable treatment. This disparate treatment occurred despite Plaintiff's complaints of misconduct.

B.    CLAIM 2: HOSTILE WORK ENVIRONMENT

36.    Plaintiff belongs to protected classes based on her gender and race.

37.    Trombley experienced unwelcomed harassment by Defendants, which included instances of sexual harassment and discriminatory treatment based on her race.

38.    The harassment was severe and pervasive. Shortly after reporting the sexual harassment by Cartwright, Plaintiff was written up for leaving work early due to fear of assault by Cartwright, a direct consequence of her reporting the harassment. This conduct significantly altered the conditions of Plaintiff's employment.

39.    The harassment and discrimination against Plaintiff were ignored or dismissed by SSC and their agents, including Ned. Despite Plaintiff's complaints about racial discrimination and disparate treatment, no effective action was taken to address the harassment.

40.    SSC failed to address and rectify Plaintiff's complaints of racial discrimination, thereby fostering a hostile work environment for Plaintiff.

**II.    COUNT 2:  GENDER DISCRIMINATION CLAIMS UNDER TITLE VII AGAINST DEFENDANT SSC SERVICES FOR EDUCATION**

41.    Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

42.    As a female, Plaintiff is a member of a protected class under Title VII of the Civil Rights Act. During her employment with SSC and as a result of Cartwright's direct actions, Plaintiff asserts the following gender discrimination claims under Title VII of the Civil Rights Act of 1964:

A.    CLAIM 1: SEXUAL HARASSMENT BASED ON PLAINTIFF'S GENDER

43.    During her employment with SSC, Plaintiff endured sexual harassment perpetrated by Cartwright during her employment with SSC.

44.    Specifically, Cartwright subjected Plaintiff to offensive comments of a sexual nature and made explicit verbal sexual advances, including propositions such as demanding Plaintiff engage in a threesome with Cartwright.

45.    The sexual harassment by Cartwright was severe, pervasive, occurring over an extended period despite Plaintiff's objections and discomfort.

B.    CLAIM 2: HOSTILE WORK ENVIRONMENT

46.    During her employment with SSC, Plaintiff sustained degradation and mistreatment due to and related to her gender that created a hostile work environment.

47.    The sexual harassment, degradation, and ill-treatment of Plaintiff was pervasive throughout her employment with SSC.

48.     Plaintiff was degraded, demeaned, and physically assaulted by her co-worker in front of her peers and students to the extent a hostile work environment was created, causing Plaintiff immense stress, anxiety, mental anguish, and trauma.

### III.     COUNT 3: DISCRIMINATION UNDER TEXAS LAW

49.     Plaintiff adopts by reference all of the facts set forth above. *See*, TEX. R. CIV. P. 58.

50.     Plaintiff is a member of one or more protected classes under Chapter 21, Sec. 21.051 of the Texas Labor Code ("TCHRA"). An employer commits unlawful practices under the statute if, because of an employee being a part of a protected class, they (1) discharge an employee or discriminate against an employee in any manner in connection with pay or any terms, conditions or privileges of the individual's employment; or (2) limit, segregates, or classify an employee or applicant for employment in a manner that deprives the employee of any employment opportunities or adversely affect the status of the employee in any way. *See*, Chapter 21, Sec. 21.051 of the Texas Labor Code. Here, Plaintiff was discriminated against and ultimately terminated due to her race and gender.

51.     Specifically, Plaintiff, a Caucasian female, was subjected to differential treatment compared to her African American colleagues. Despite reporting instances of sexual harassment by an African American co-worker, Sandra Cartwright, Plaintiff's complaints were ignored, and no corrective actions were taken against Cartwright.

52.     Additionally, Plaintiff reported the physical assault by Cartwright to her African American supervisor, Minta Ned, and provided a witness to the incident. However, no actions were taken to punish Cartwright's behavior.

53.     Instead of addressing the misconduct by Cartwright, Plaintiff was written up and ultimately terminated after she reported the incidents.

54.     Therefore, SSC's conduct is in violation of multiple sections of Chapter 21 of the Texas Labor Code. *See* TEX. LAB. CODE §§ 21.051(1), 21.105.

## IV.     COUNT 4: RETALIATION UNDER FEDERAL AND STATE LAW

### A.  CLAIM 1: RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT

55.     Plaintiff engaged in protected activity by reporting instances of sexual harassment and discriminatory treatment based on her gender and race to Silsbee M.S. and SSC.

56.     Shortly after experiencing and reporting the sexual harassment by Cartwright, Plaintiff was written up for leaving work early due to fear of assault by Cartwright, which occurred after she reported the sexual harassment.

57.     Plaintiff's complaints about discrimination and disparate treatment against her were ignored or dismissed by SSC and their agents, including Ned.

58.     After raising complaints internally and externally (to SISD) about discrimination and disparate treatment she faced based on her race and gender, Plaintiff faced retaliation as a direct consequence of her complaints, including write-ups.

59.     Plaintiff was ultimately terminated from her position as a direct result of her complaints about discrimination and disparate treatment.

B.  CLAIM 2: RETALIATION UNDER TEXAS LAW

60.    Plaintiff engaged in protected activity under the Texas Labor Code by reporting sexual harassment and discriminatory treatment based on gender and race to her employers, Silsbee M.S. and SSC. Texas Labor Code § 21.055.

61.    Subsequent to reporting the sexual harassment by Cartwright, Plaintiff was written up for leaving work early due to fear of assault by Cartwright.

62.    Despite Plaintiff's complaints about discrimination and disparate treatment, SSC and their agents failed to take appropriate action, effectively dismissing Plaintiff's concerns.

Plaintiff's termination came after her persistent complaints about racial and gender discrimination, both internally and externally (to SISD). The timing and circumstances of her termination provide a clear causal connection to her protected activities, constituting retaliation under the Texas Labor Code § 21.055.

## VI.    ASSAULT BY OFFENSIVE PHYSICAL CONTACT CLAIM AGSINST DEFENDANT CARTWRIGHT

63.    Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

64.    When Cartwright grabbed Plaintiff's hand, attempted to snatch a trash bag from her, and forcefully shoved a trash can in Plaintiff's direction, without permission or consent, she acted intentionally, willfully, and maliciously.

65.    Moreover, Cartwright knew, or should have reasonably known, that Plaintiff would regard the contact as offensive.

## VII.   DAMAGES

66.   Due to the discrimination based on race and gender suffered at the hands of Defendants, Plaintiff has suffered actual damages.

67.   In addition, Plaintiff avers that Defendants' unlawful discrimination justifies an award of compensatory and/or punitive damages.

68.   Such discrimination has caused Plaintiff to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and other benefits associated as Plaintiff has been subjected to an adverse employment action as a result of the discrimination.

69.   Plaintiff has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated against by Defendants. Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the results of Defendants' discriminatory practices and assault, and they will continue unless and until this Court grants relief.

## VIII.  JURY REQUEST

70.   Plaintiff requests a trial by jury.

## IX.    PRAYER

For these reasons, Plaintiff prays that Defendants be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

a) For actual economic damages including, but not limited to, back pay to compensate Plaintiff for loss of income and/or employment-related benefits resulting from the discriminatory actions of Defendants;

b) Compensatory damages for severe mental anguish in the past and future, injury to her reputation, for adverse effects on her career, and for diminished earning capacity resulting from the discriminatory actions of Defendants;

c) For exemplary and/or punitive damages in the amount found by the trier of fact to punish and deter continuation of Defendants' unlawful employment practices;

d) An award of reasonable attorneys' fees and the cost and expenses related to the litigation of this claim;

e) Pre-judgment interest at the highest rate allowed by law;

f) Post-judgment interest at the highest rate allowed by law; and

g) For such other and further relief to which this Court deems Plaintiff is justly entitled and/or deems proper.

Respectfully Submitted,

**MOORE AND ASSOCIATES**

/s/  Curt Hesse

Curt Hesse
*curt@mooreandassociates.net*
TBN: 24065414
MOORE AND ASSOCIATES
440 Louisiana Street, Suite 1110
Houston, Texas 77002
Tel.: 713-222-6775
Fax: 713-583-1107

**ATTORNEY FOR PLAINTIFF**